■ Denise Miller, Respondent, v City of New York et al., Appellants, et al., Defendant. [996 NYS2d 104]—

In an action to recover damages for personal injuries, the defendants City of New York, New York City Department of Transportation, and New York City Bureau of Sewer Environmental Control Board of the City of New York appeal from an order of the Supreme Court, Richmond County (Fusco, J.), dated May 10, 2013, which denied their motion to dismiss the complaint insofar as asserted against them for failure to comply with General Municipal Law § 50-e, and ordered the plaintiff to file an amended notice of claim.

Ordered that the order is affirmed, with costs.

On September 5, 2008, the plaintiff allegedly was injured when the vehicle she was driving on a road in Staten Island struck a raised sewer cap. While the plaintiff's notice of claim, complaint, and bill of particulars alleged that the accident occurred on Narrows Road North at the intersection of Targee Street, an amended bill of particulars alleged that the accident occurred on Narrows Road North between Rhine Avenue and Targee Street. The Supreme Court denied the motion of the defendants City of New York, New York City Department of Transportation, and New York City Bureau of Sewer Environmental Control Board of the City of New York (hereinafter collectively the appellants) to dismiss the complaint insofar as asserted against them on the ground that the notice of claim did not accurately describe the location of the accident.

The appellants failed to establish that they were prejudiced by any inaccuracy in the description of the location of the accident in the notice of claim (*see Robles v New York City Hous. Auth.*, 23 NY3d 982, 983 [2014]). Pursuant to General Municipal Law § 50-e (6), the Supreme Court had the discretion to allow the plaintiff to correct a mistake or supply an omission in the notice of claim at any time, and at any stage of the action. Eng, P.J., Dillon, Duffy and Barros, JJ., concur.